UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD BARTLE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Securit,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv1431-CAB-MSB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. SECTION 406(b) [Doc. No. 17]** |

On August 7, 2023, Plaintiff's counsel filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). [Doc. No. 17.] To date, no oppositions have been filed. The Court deems the motion suitable for submission without oral argument. For the reasons set forth below, the motion is **GRANTED**.

BACKGROUND

On February 2018, Plaintiff applied to the Social Security Administration ("SSA") for social security benefits. After an administrative law judge ("ALJ") denied benefits, Plaintiff appealed the denial to this Court. [Doc. No. 1.] On November 29, 2021, Magistrate Judge Michael S. Berg issued a Report and Recommendation ("Report"), recommending that the Court reverse the Commissioner's decision, and enter judgment

reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). [Doc. No. 12.] On December 14, 2021, this Court issued an order adopting the Report, reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). [Doc. No. 14.] On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff approximately $144,120.00 in total past due benefits. [Doc. No. 17-4.]

On January 20, 2022, pursuant to a joint motion, this Court awarded Plaintiff $4,100.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"). [Doc. No. 16.] Plaintiff filed this motion on August 7, 2023, seeking an attorneys' fees award of $26,000.00 under section 406(b), which represents 25% of the past-due benefits awarded to Plaintiff. [Doc. No. 17.] Under the contingency fee agreement, Plaintiff and his counsel agreed that Plaintiff's counsel would be paid, pursuant to section 406(b), a maximum of 25% of the past-due benefits awarded to Plaintiff. [Doc. No. 17-2 at ¶4.] In the motion, Plaintiff's counsel seeks an order awarding Lawrence Rohlfing Inc. (Plaintiff's counsel) attorneys' fees in the amount of $26,000.00, and further ordering Lawrence Rohlfing to reimburse Chad Bartle (Plaintiff) the amount of $4,100.00 for the EAJA fees awarded by the Court. [Doc. No. 17-1 at 4.] Plaintiff's counsel provided notice of the motion to Plaintiff [Doc. No. 17 at 2] and Defendant [Doc. No. 17 at 3.] To date, no opposition has been filed.

## LEGAL STANDARD

Section 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a

judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.2009) (en banc).

In considering a motion for attorneys' fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808–809. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the character of the representation and the results achieved. *Id*.; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25% in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808).

When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. Thus, attorneys are permitted to seek recovery under both EAJA and Section 406(b), and to keep the larger fee, but they must refund the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir.2012).

ANALYSIS

The Court finds that Plaintiff's counsel's fee request is reasonable. As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling; the agreement provides that if, after judicial review of any adverse ALJ decision, the SSA awards Plaintiff past-due benefits, Plaintiff will

1  pay counsel a fee no greater than 25% of the past-due benefits awarded. [Doc. No. 17-2
2  at ¶4.]
3      Further, the Court finds that Plaintiff's counsel's work on this case was not
4  insubstantial: Counsel participated in the filing of a joint motion for review of the
5  decision of the Commissioner; and he succeeded in having this Court reverse the decision
6  of the Commissioner and remand the matter to the Commissioner for further proceedings.
7  [Doc. Nos. 12, 13 and 14.] Nothing suggests that Plaintiff's counsel provided substandard
8  representation, or that Plaintiff's counsel delayed this litigation in order to amass more in
9  potential fees. And the time Plaintiff's counsel spent on work before this Court—
10 approximately 20.7 hours of attorney time —is not out of proportion to the fee award.
11 See Doc. No. 17-1 at 14, §5; *cf. Crawford*, 586 F.3d at 1145 (awarding $21,000 in fees
12 where fees represented 19.5 attorney-hours and 4.5 paralegal-hours of work); *Macewen v.*
13 *Colvin*, 10cv1263-JLS-MDD, 2016 WL 6082308 (S.D. Cal. October 18, 2016)(awarding
14 $21,808.50 in fees for 35.2 hours of attorney and paralegal work). Finally, the Court
15 finds that Plaintiff's counsel assumed a substantial risk of not recovering attorneys' fees.
16 At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff
17 had an unfavorable ruling from the ALJ and counsel was preparing to file this action for
18 judicial review. [Doc. No. 17-2.]
19     After a review of the record, the Court finds the fee request reasonable and that it
20 does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. 789.
21
22                             CONCLUSION
23     For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion
24 for attorneys' fees pursuant to 42 U.S.C. §406(b). The Court **AWARDS** The Law
25 Offices of Lawrence Rohlfing, Inc., CPC attorneys' fees in the amount of $26,000.00.
26 The Court **HEREBY ORDERS** The Law Offices of Lawrence Rohlfing, Inc., CPC to
27 / / / / /
28 / / / / /

reimburse Chad Bartle the amount of $4,100.00 for EAJA fees awarded by this Court.

**IT IS SO ORDERED.**

Dated:  September 7, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge